IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| v. : | Case No. 1:14-CR-289 |
| : | Judge Sylvia H. Rambo |
| **JORGE SALAZAR** : | |
| a/k/a **J. MICHAEL SALAZAR** : | |

## M E M O R A N D U M

Presently before the court is Defendant's motion to withdraw his guilty plea. (Doc. 74.) A hearing was held on March 29, 2016, at which only Defendant testified. The motion initially sought to withdraw Counts 1, 4, and 31 of the indictment. At the hearing, however, Defendant testified that he now only seeks to withdraw his plea as to Counts 1 and 4.

### I.   Background

On November 12, 2014, an indictment was filed against Defendant related to his alleged involvement in a fraudulent investment scheme. On April 15, 2015, a thirty-two count superceding indictment was filed charging Defendant with three counts of wire fraud (Counts 1-3), twenty-seven counts of money laundering (Counts 4-30), one count of aggravated identity theft (Count 31), and one count of felon in possession of a firearm (Count 32). On July 29, 2015, Defendant pleaded guilty to Counts 1, 4, and 31 pursuant to a plea agreement. A pre-sentence report was prepared on December 30, 2015 and sent to counsel. Defendant filed no objections to any of the factual allegations set forth in the pre-sentence report, but clarified some of his personal data contained therein. (Doc. 72, pp. 2-3.) On February 5, 2016, a revised pre-sentence report with an addendum was filed, and less than a week later, on February 11, 2016, Defendant filed the instant motion.

A. **Facts**[1]

Some time in 2012, Defendant met Troy Beamer, a resident of Biglerville, Pennsylvania. Defendant represented to Beamer that he was an attorney licensed to practice law and that he had a law firm in Georgia. He also represented to Beamer that he owned an investment company named Eclypse Investments located in Atlanta, Georgia. At some point in 2013, Defendant offered to help Beamer financially by creating an investment company for him to be named Beamer Investment Holdings. Defendant directed Beamer to solicit funds from friends and family and then transfer those monies to Defendant, where he would invest them through his purported investment company – Eclypse Investments. Defendant provided Beamer with an investment form to use in the solicitation of funds, and Beamer was successful in receiving and turning over to Defendant more than $300,000.00 from nineteen victims.

During his plea colloquy, Defendant admitted that on November 25, 2012, in order to execute his scheme, he ordered 250 business cards which falsely identified him as an attorney and the chief executive officer of Eclypse Investments, and that these business cards were ordered by transmitting a signal by means of interstate commerce via the internet from a printing company located in Massachusetts. Defendant further admitted that on or about October 29, 2013, he caused to be conducted a financial transaction involving the proceeds of his wire fraud in the form of a $60,000.00 check which he deposited into a Wells Fargo Bank account. (Doc. 76, p. 16.)

---

[1] The facts set forth herein are taken from the transcript of the plea hearing held on July 29, 2015, to which Defendant admitted under oath. (Doc. 76.)

At the hearing held on March 29, 2016 regarding Defendant's motion to withdraw his guilty plea, Defendant claimed that it was not he but rather Beamer that solicited and received the investment funds. Defendant further argued that the business cards were purchased a year before he became acquainted with Beamer, and, therefore, could not be in furtherance of the fraud. With regard to the $60,000.00 check, Defendant claimed that it was written from Beamer's account and made payable to Shelley Beamer, Beamer's ex-wife and Defendant's current fiancee, in payment of a debt Beamer owed to her. Accordingly, Defendant argues that he is factually innocent of the wire fraud and money laundering charges in Counts 1 and 4 of the superceding indictment.

## II.     Discussion

Federal Rule of Criminal Procedure 11(d) provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d)(2)(B). In evaluating whether a defendant's proffered reason for withdrawal is fair and just, the court must consider the following factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by withdrawal. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citations omitted). The burden of establishing a fair and just reason for withdrawal is on the defendant and the burden is substantial. *Id.* (citations omitted). Thus, the court will apply these factors to Defendant's arguments for withdrawal of his guilty plea as to Counts 1 and 4 of the superceding indictment.

### A. Count 1

Defendant's testimony at the withdrawal hearing is not a true claim of innocence. Defendant stated the following:

> I accepted the responsibility, Your Honor. I have not – at this moment, I am not saying that I reject that. What I reject is the Government counts Count 1 and Count 4 and Count 31 as to mean all 31 counts. So the money went from $60,000 check, which is the acceptance of the Defendant, to $369,000. That is the PSI. The Count 1 refers to an encounter with one individual. The Government has stated that there are 19 victims and, therefore, those victims have become a part of the case, which completely changes the structure of the sentencing guidelines. . . . Your Honor, the Defendant, myself, I accepted this plea based on Count 1, Count 4, and Count 31, and I am prepared to accept the responsibility for those counts, not for Count 2 and 3, not for Count 5 through 30.
>
> THE COURT: Wait a minute. You were only charged with – your plea was to Count 1, 4, and 31.
>
> THE DEFENDANT: Yes, ma'am, but the PSI, they included all the counts on the PSI. It went from a level 11 to a level 25. And that is what the Defendant is rejecting. He's not rejecting accepting responsibility for those three counts. That's why I ask Your Honor to consider the fact that the Defendant is not rejecting the plea based on the three counts, it's rejecting the plea based on the Government charging him with the 31 counts.

(March 29, 2016 Hearing Transcript, p.7, not docketed.) It appears that Defendant objects to the relevant conduct which impacts on his sentencing guidelines. With regard to relevant conduct affecting sentencing, United States Sentencing Guidelines Manual § 1B1.3 provides the following:

> Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

4

> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were–
>
> (i) within the scope of the jointly undertaken criminal activity,
>
> (ii) in furtherance of that criminal activity, and
>
> (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense; . . . [and]
>
> (3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions; . . .

USSG § 1B1.3(a). The third application note for § 1B1.3 defines jointly undertaken criminal activity as "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy," and makes a defendant accountable for the conduct of others that was "(i) [w]ithin the scope of the jointly undertaken criminal activity; (ii) in furtherance of that criminal activity; and (iii) reasonably foreseeable in connection with that criminal activity." *Id*. cmt. n.3.

The facts presented as to Count 1 at the change of plea hearing and Defendant's admission of those facts, under oath, at that hearing, support the enhancements as to the amount of the loss and the number of victims impacted by Count 1. Defendant has not shown actual innocence and his claim is without any

foundation. Thus, Defendant's motion to withdraw his guilty plea as to Count 1 will be denied.

### B. Count 4

As noted above, this count involved the charge of money laundering in which a $60,000.00 check paid by Troy Beamer to Shelley Beamer, drawn on a PNC Bank and deposited into a Wells Fargo Bank account. As with Count 1, Defendant admitted to the facts underlying the money laundering charge in Count 4 at the change of plea hearing. (Doc. 76, p. 16.) The pre-sentence report noted that the investigation of this case showed that Defendant directed deposits into and out of accounts placed in other persons' names over which he had control. (Doc. 71, ¶ 16.) Defendant filed no objections to the pre-sentence report.

Defendant's testimony at the withdrawal of plea hearing, however, was a complete denial of the facts underlying Count 4, which he had previously admitted at the change of plea hearing. Thus, the court is faced with which testimony to accept as more truthful. Defendant was under oath at both hearings. At the change of plea hearing, Defendant answered questions without hesitation, was alert, and appeared to be fully aware of the consequences of the plea. Defendant's testimony at the withdrawal of plea hearing, on the other hand, was confusing and contradictory at times. Accordingly, the court deems the testimony Defendant gave at his change of plea hearing to be more credible, and will deny Defendant's motion to withdraw his guilty plea as to Count 4.

**III.**	**Conclusion**[2]

Based on the foregoing, Defendant has failed to assert his innocence or provide a strong reason for withdrawing his guilty pleas to Counts 1 and 4. Thus, his motion will be denied in its entirety.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: April 5, 2016.

---

[2] This court having decided that Defendant has not provided a showing of actual innocence, the Government is not required to show that it would be prejudiced by the withdrawal of the guilty plea. *Jones*, 336 F.3d at 255. Thus, the court need not address that factor. Nonetheless, the court notes that the Government did set forth facts at the withdrawal of plea hearing that would support a finding of prejudice.